UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil action no.: ) |
| **UNITED FLOOR INSTALLERS, INC.,** and **MICHAEL KNAUTZ,** individually | ) ) ) ) |
| Defendants. | ) ) ) |

# COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **UNITED FLOOR INSTALLERS, INC.,** an Illinois corporation, and **MICHAEL KNAUTZ,** an individual, (collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) ("the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime and minimum wage compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A) Defendant, **UNITED FLOOR INSTALLERS, INC. ("UNITED FLOOR"),** is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 1768 Williams Dr., Galena, Illinois 61036 in Jo Daviess County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the floor installation business and in the performance of related types of activities.

(B) Defendant, **MICHAEL KNAUTZ ("KNAUTZ")**, an individual, is the owner of defendant **UNITED FLOOR,** and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees. At all times hereinafter mentioned, **KNAUTZ** was engaged in business within Jo Daviess County at 1768 Williams Dr., Galena, Illinois 61036, within the jurisdiction of this court.

(C) Defendant **KNAUTZ** is and, at all times hereinafter mentioned, was an employer within the meaning of section 3(d) of the Act. **KNAUTZ** acted directly or indirectly in the interest of **UNITED FLOOR,** in relation to its employees.

**III**

**UNITED FLOOR,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

**UNITED FLOOR,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly have violated the provision of sections 6 and 15(a)(2) of the Act, by paying some employees wages at rates less than $7.25 an hour in workweeks when the employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce of in the production of goods for commerce, within the meaning of the Act, by withholding individual employees' checks.

VI

Defendants repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates

3

not less than one and one-half times the regular rate at which they were employed. Specifically, defendants misclassified certain employees as independent contractors and paid employees their regular rate without the overtime premium when they had worked in excess of 40 hours in many workweeks.

### VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, including failing to keep records of total hours of travel time when traveling to distant work sites and hours worked on workweeks with travel; start and end times for each employee for each workday; hours worked each day; time and day for when each employee's workweek begins; total overtime earnings for workweeks; and all additions to or deductions from employees' wages.

### VIII

During the period since September 10, 2013, defendants repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

**1.** pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime and minimum wage compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    For an Order awarding plaintiff the costs of this action; and

    **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

 s/ Bruce C. Canetti
**BRUCE C. CANETTI**
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.: 312/353-3271
E-mail: canetti.bruce@dol.gov

 s/ Megan McGinnis
**MEGAN MCGINNIS**
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
Two Pershing Square Building
2300 Main St., Suite 1020
Kansas City, MO 64108
Telephone no.: 816/285-7276
E-mail: mcginnis.megan.j@dol.gov

Attorneys for **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, Plaintiff