UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15 CV 8195 |
| UNITED FLOOR INSTALLERS, INC., and MICHAEL KNAUTZ, individually | ) ) ) | Honorable Gary Feinerman |
| Defendants. | ) ) | |

## CONSENT JUDGMENT

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor

("Secretary") brought this action against United Floor Installers, Inc. and Michael Knautz

(collectively "Defendants") for violations of the Fair Labor Standards Act of 1938, as amended

(29 U.S.C. § 201 *et seq.*, hereinafter the "FLSA") during the period from September 10, 2013

through December 31, 2015. Defendants, having appeared by counsel, having answered, having

been duly advised in the premises, and without admitting any of the allegations in the complaint,

agree to entry of this Consent Judgment without contest. Provided, Defendants admit that

individual Defendant Michael Knautz is an individual "employer" under section 3(d) of the

FLSA for United Floor Installers, Inc.

JUDGMENT IS ENTERED against Defendants pursuant to section 17 of the Act as

follows:

IT IS ORDERED, ADJUDGED AND DECREED, pursuant to section 17 of the Act, that

the Defendants, their officers, agents, servants, employees, and all persons in active concert or

participation with them are permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

1.          Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in any of their enterprises engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA.

2.          Defendants shall not, contrary to 29 U.S.C. §§ 207(a)(1) and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in any of their enterprises engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one half times the regular rate at which he or she is employed.

3.          Defendants shall not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to § 211(c) of the FLSA and 29 C.F.R. § 516. Defendants shall make such records available upon request by representatives of the Secretary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

4.          Judgment is entered, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants United Floor Installers, Inc., and Michael

2

Knautz, jointly and severally, in the total amount of $83,800 which includes $41,900 in unpaid

minimum wage and overtime compensation due the employees identified in Exhibit A, attached

hereto and made a part hereof, plus an additional equal amount of $41,900 as statutorily

authorized liquidated damages, for the period from September 10, 2013 to December 31, 2015.

5.        Defendants have delivered to the Secretary, payment in the amount of $21,552.60

along with their executed copy of this Consent Judgment.

6.        On or before January 1, 2017, and continuing through July 1, 2017, Defendants

shall make monthly payments to the Secretary in the amount of $7,780.93.  On or before August

1, 2017, Defendants shall make a final payment in the amount of $7,780.89.  These eight

monthly payments total $62,247.40.  All payments shall be delivered to the United States

Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, in

the form of a certified or cashier's check made payable to "Wage and Hour – Labor."

7.        Defendants shall furnish with each payment referenced in paragraphs 5 and 6

above, a statement showing the following information:

a.        United Floor Installers, Inc.'s federal tax identification number; and

b.        The Social Security number, or FEIN, last known address, last known

telephone number, and last known e-mail address of each person listed in Exhibit A.

8.        Upon receipt of full payment from Defendants, the Secretary's counsel shall file

with the Court a certificate of payment and representatives of the Secretary shall distribute such

amounts less appropriate deductions from the back wages for federal income withholding taxes

and the employee's share of the Social Security (F.I.C.A.) tax to the employees listed in Exhibit

A, or their representative as their interests may appear, in the amounts set opposite their names.

Defendants remain responsible for their share of state and federal taxes arising from the back

3

wages distributed by the Secretary.

9.      Any funds not distributed within a period of three years from the date of this

Consent Judgment because of inability to locate the proper persons or because of such person's

refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the

United States.

10.     Failure by Defendants to make complete and timely payment as required by the

terms of this Consent Judgment shall cause any remaining balance to become immediately due

and payable by Defendants.

11.     Should Defendants fail to pay the amounts on or before the dates set forth

hereinabove, the entire amount of the balance of unpaid compensation and liquidated damages

with accrued interest shall become immediately due and payable without further notice by the

Secretary to Defendants. The Defendants agree that the amounts set out in this Consent

Judgment constitute a debt due and owing the United States Department of Labor. Any defaulted

balance shall be subject to the assessment of interest and penalty interest at rates determined by

the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-

134), published by the Secretary of the Treasury in the Federal Register, and other delinquent

charges and administrative costs shall also be assessed.  In the event of default, the Secretary

intends to pursue any additional collection action, including but not limited to, administrative

offset, referral of the account to credit reporting agencies, private collection agencies, and/or the

Department of Justice. Any rights to challenge or contest the validity of this Consent Judgment

are hereby waived.

12.     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any

employee to return or to offer to return to the defendants or to someone else for the defendants,

4

any money in the form of cash, check, or any other form, for wages previously due or to become

due in the future to said employee under the provisions of this judgment or the Act; nor shall

defendants accept, or receive from any employee, either directly or indirectly, any money in the

form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee

under the provisions of this judgment or the Act; nor shall defendants discharge or in any other

manner discriminate, nor solicit or encourage anyone else to discriminate, against any such

employee because such employee has received or retained money due to him from the

defendants under the provisions of this judgment or the Act.

13.     Defendant United Floor Installers, Inc. and any successor or newly formed

corporation to United Floor Installers, Inc. and any company or business entity now owned in

whole or in part by Michael Knautz,  which performs flooring installation work,  shall do the

following:

> a.  Prepare a written analysis of the reasons for any classification of a person who
>
>     performs installation work for them, such as floor installation work, as an
>
>     independent contractor after December 1, 2016.  Such written analysis shall
>
>     follow the guidance of the U.S. Department of Labor's Administrator's
>
>     Interpretation No. 2015-1: The Application of the Fair Labor Standards Act's
>
>     "Suffer or Permit" Standard in the Identification of Employees Who Are
>
>     Misclassified as Independent Contractors, attached hereto as Exhibit B.
>
> b.  Supply the following NOTICE OF CLASSIFICATION to any person
>
>     classified as an independent contractor for the next three years:

5

"The Fair Labor Standards Act (FLSA) provides that all employees are entitled to be paid minimum wage and overtime of time and one half, with very narrow exceptions. You are hereby notified that Defendants believe that you are an independent contractor not entitled to minimum wage and/or overtime required by the FLSA for the following reasons: _____. If you question the reasons for your classification or disagree with it, please contact the Wage and Hour Division at (515) 284-4625 or 1-866-4-US-WAGE (1-866-487-9243)."

c.  Defendants shall obtain the dated signature of all persons to whom the Notice of Classification is provided, and maintain copies of the analysis and worker's signature. Any person who receives notice of such classification shall be entitled to request a copy of Defendants' analysis at any time.

d.  Defendants shall analyze and review the status of each person who is classified as an independent contractor on an annual basis for three years and maintain records of such review and analysis. Defendants shall maintain all records required by this paragraph 13 for five years after the creation of such record and provide copies of the records required by this paragraph 13 upon request by representatives of the Secretary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

14.      Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

So ordered this 15th day of December , 2016.

_____

Gary Feinerman
U. S. District Judge